Good afternoon, ladies and gentlemen. This is the time set for the argument for rehearing on Bonk in the case of Ross v. Williams. And as you can see, Judge Gould is joining us via videoconference from Seattle. Good afternoon, Judge Gould. Good afternoon. Good to see you. And we can hear you just fine. I hope you can hear us. Yes, I can hear you. Thank you. All right. We'll hear from the appellant. Good afternoon, Your Honors. Jonathan Kirschbaum, Assistant Federal Public Defender for Mr. Ronald Ross. I'd like to reserve five minutes for rebuttal. Ronald Ross filed a timely pro se petition listing out several discrete claims. He attached a state court opinion that provided the operative facts for several of those claims. It was easy to discern exactly what he was attempting to plead. Even under a narrow approach to relation back, such as the dissenting judge's pro se liberal construction approach, Ross was entitled to relation back here. The combination of the claims listed in the petition with the corresponding analysis of those claims and the attached state court opinion provided sufficient notice for relation back. Under these circumstances, a Federal court can liberally construe the petition as setting forth the facts in the attached state court opinion. This is a fair rule. It takes into consideration the realities of pro se litigation, and it applies very What's the limit to the rule you seek in terms of what kind of attachments qualify it? Does it have to be an entire trial transcript, a portion of a transcript, any decision, regardless of length? Well, our position is that at the very least, it should be the any attached state court opinions. In general, we're referring to the appellate state court opinions because those are the ones that contain the exhausted claims. The dissenting judge's approach, this pro se liberal construction approach, was limited to an attached state court opinion, and the approach that Ross proposes here today is a little broader. Our rule focuses more on Rule 10c, the attached written instrument provision. And under that rule, a state court opinion would qualify as a written instrument and would be a part of the pleading for all purposes. And we think that a state court opinion, it's a unique entity. It's a unique document. It's generally going to set forth the exhausted claims. It's going to neatly summarize the facts in support of those claims. And it's going to provide notice to both the court and the State of what claims are available on Federal habeas review. Why does Dye require a clear and repeated reference to the attachment? Well, Dye is actually — it was a summary reversal engaging in a straightforward — a straightforward application of Rule 10c, a different provision in Rule 10c, and that's really — that case was really talking about the sufficiency of the original pleading. But the issue in this case isn't about the sufficiency of the original pleading. It's about notice for relation back. Even if a petition is insufficiently pled, if it doesn't meet Rule 2c, it can still provide sufficient notice to allow for relation back. And what's really important about an attached state court opinion is that — Relation back isn't about notice, right? It's about whether the transaction or occurrence — the facts establishing the transaction or occurrence are present in the — in the original filing. Well, certainly the goal of relation back is notice. And, yes, you need to relate back to operative facts. And when an attached state court opinion provides those operative facts, because of the unique qualities of that state court opinion, we do believe that it should be considered part of the petition for relation back purposes, meaning you can relate to any of the operative facts that support any of the exhausted claims in that state court opinion. The habeas form requires the state opinions to be attached. So your rule would imply then every habeas petition that follows the form and attaches a state opinion, a subsequent untimely petition that talks about facts in one of the attachments would be deemed to be timely, would be deemed to relate back. Is that — is that correct? There's no rule — there's no rule that requires them to attach the petition. The form does ask for it, but that's not always — that's not always complied with. Here, Ross didn't comply with it. He only attached one of the state court opinions. He didn't attach the one from direct appeal. Well, but in order for an amended complaint to relate back to the filing of the original petition, it must arise from the same core facts, which Felix talks about. So if the original complaint failed to include any statement of facts or even refer to any facts, how can the amended complaint relate back? Well, the standard form — I mean, I know it's a pro se, and I know that there are all of those things, but it's — at some point, you know, district courts, you know, don't have to do all the work. The standard form isn't a pass-fail test. The habeas rules contemplate that if there are pleading deficiencies in the original pleading, that the court will give the Petitioner a chance to correct those and cure those pleading deficiencies. And there will be statute of limitations implications when that happens. And that's why relation back should be viewed as — as liberally applied in — in this particular context. Relation back should be liberally applied when there — it doesn't result in any disadvantage to the other side. Is it of any significance that Rule 4 sufficiently — specifically, habeas Rule 4 says that the — what the judge is supposed to consider is the Petitioner and the attached exhibits, and the notes then say, such consideration may properly encompass any exhibits attached to the Petition, including but not limited to transcripts, sentencing records, and copies of State court opinions. So the district court is already being directed to read these. That's correct. And our — and our proposed rule is most certainly consistent with Rule 4, which does — which it does, as Your Honor just explained, directs the court to review those State court opinions. And particularly when a petition is insufficiently pled, the State court opinions play a very central role in that initial screening under Rule 4. A court's going to review an insufficient pleading and see — and may not understand what the exact issues are that a Petitioner is — is pleading in a poorly pled petition and is going to look to that State court opinion to determine what those exhausted claims were. But also, I mean, one thing that's confusing is that, although Mayall talked about the coterie of facts or conjurey of facts, they were attached to a claim. And if you had — if you didn't have the claim, it seems to me just having a bunch of facts wouldn't do it. But here you did have the claim. I mean, what if you just didn't have — I mean, I think the concern is what if he never had enunciated these claims, he had just put a bunch of facts in. Correct. As attachments and not in the petition. But I don't understand you'll be arguing that that's okay. Well, I think there's going to be more difficult situations. I think that the rule that we propose, I think in that type of situation, I think that's one situation where an attached State court opinion does become particularly important, because you can refer to the State court opinion to determine exactly what those, you know, listed-out facts that may not seem to have a purpose, what they may actually mean. And I think that with poorly pled petitions, there needs to be a broader rule. The reality is, is that for pro se, many pro se Petitioners will be filing poorly pled petitions. And the — Isn't that what the form is for? In the form it's directed, it's aimed for pro se Petitioners, everyone using that form as a pro se Petitioner. It is. Why should that make a difference? Well, the form was created to help everyone. It was to help facilitate litigation. However, the ability of a Petitioner to fill out the form is going to depend on their intelligence level, how much access they have to both their file and legal advice. But Mr. Ross, in a State petition, did in fact put out the facts underlying each of his claims, right? I mean, so he knew how to do that. He just didn't do that for his Federal Petition. Well, I mean, there's going to be different reasons why somebody may file a poorly pled petition. I think it's clear from the documents here that Ross felt a time crunch. He received his — the State court documents on September 11th, and he handed his petition over to officials on the 14th. So in three days, he was worried about just getting something on the docket. And for most of these pro se Petitioners, getting something in on time can be the biggest hurdle. And if they make an attempt and attach a State court — and attach the State court opinion that provides notice to all parties of what the issues are in that case, then the fact that he did a poor job with the standard form, which is not a pass-fail test, it's to help everybody, that shouldn't stand in the way of his habeas petition going forward. At about the time he files his habeas petition, he files something called a request  That's correct, Your Honor. And in that statement, he refers to his pleading or his form, whatever he's filing, as provisional. What do we make of that? Well, I think it's consistent with the facts that I just discussed. I mean, he was running out of time. He says that in his affidavit. And so he was essentially — I don't know if he meant this as a placeholder, but a provisional application, meaning that he was worried about time. He wanted to get something in on time. And so he filed something where, obviously, he did it in a rush. And so when he asked for this to be considered a provisional petition, I think that's what he meant, is that this was just to basically get something in on time, but he wants a chance to further explain and fully plead what these issues are. In the last sentence of that document, he further says, Petitioner incorporates by reference and fact the attached affidavit in support of this motion and writ of the affidavit with attached exhibits. What do we make of that? Well, it does appear to be an incorporation. It was — that was filed with the habeas petition. I think that it further shows his intent, whether it qualifies enough as incorporation for purposes of making his petition sufficient. I don't know if that's relevant, because we're really talking about relation back right now. But I think it does show what his intent was when he filed his petition. But it should also show his intelligence and his ability, because when he filed his PCR petition, he was able to prepare a memorandum for his supporting facts. And yet you're saying even though a guy who's smart enough to do that, knows enough about the rules to do that, that somehow we're going to cut him a break when he files his federal habeas petition. Why is there a difference? Well, I think that it shouldn't be held against him that he had — that he was — had an above-average skill level. What I'm saying is, he knew what the rules were. He knew what he had to do, because he showed it. So if he does that, does that affect in any way how we treat him as a pro se? Do we give him a pass on everything he does, even though — if you say there were nine things to do and he did eight of them perfectly in accordance with the rules, even though he's pro se, do we give him a pass on number nine? Well, I think that, generally speaking, liberal construction should — has some subjective elements, but it also has objective elements, too. I think that we can look at what he did here and liberally construe it as an attempt to plead what he listed on the petition, plus the operative facts that were in the corresponding claims in the State court. What if he were a law professor convicted of something, and he's in jail, and he wants to get out? I mean, he's a former federal jurisdictional expert, and he pleads a perfect, perfect thing except his federal habeas petition, and he blows it there. Do we treat that hypothetical law professor as a pro se? Yes, I think you do. And I think that — But isn't the real question whether — this is not a Rule 2 case as such. That's correct. Has nobody — the petition wasn't dismissed for inadequacy. That's correct. The question is a different question. That's correct. The question is about relation back, and relation back is a lower standard than the pleading requirements. And so the question is about notice, which is going to — which requires less than the pleading requirements. So even if — so here, arguably, the original petition was insufficiently pled because it had no facts, but that's not the question before the Court. I agree. The question — Well, the question is whether there were any facts in it, which there weren't. And then the question is whether 15c, whether it can relate back, whether it has to relate back to the facts in the original petition. That's why we're looking at what, under Rule 2, could be included, or what we deem to be included in that petition. You're not saying that if the — if there wasn't — if there were no attachment, the — the untimely petition would relate back, are you, or is that part of your argument as well? No. We're — we're saying that because there was that attached-to-the-court opinion, he could relate back. Right. So if there was no attachment, then the — the second untimely habeas petition would not relate back. Is that correct? Is that — do you agree with that? Yes, because the — because the circumstances here are that there was that. Because there are — because there were no facts in the — in the original petition. So really, the only question is what facts are deemed to be included in that petition. I would agree with that. But one — one note is that while we're advocating a broad rule, there is the case that we included in our 28J letter from the Eleventh Circuit that had — that did allow relation back in a situation where there weren't facts. There were claims —  That was before mail was decided. It was pre-mail. But it was also — Do you think it would have come out the same way post-mail? Mail seems to — and did the Eleventh Circuit follow that case post-mail? I think the — the concept in that case, regardless of whether or not the — the original petition was sufficient, is that the Eleventh Circuit has held that a Petitioner can relate back to an insufficient petition. And that's the same notion that we're asking for here, is that the sufficiency of the petition, whether or not it complied with Rule 2C, is not the determining factor as to whether or not you can relate back. It's the language. Well, the language of the rule over the relation. Doesn't Rule 15 specifically contemplate relating back to an insufficient pleading? I'm sorry. Can you say that again? Doesn't Rule 15 sufficiently — specifically contemplate relating back to an insufficient petition by talking about attempted to be pled? I completely agree with that, yes. So that seems to suggest that the two standards, the standard for what's an adequate pleading and the standard for relation back, are not the same. I would agree with that, yes. Mr. Fletcher has a question. No. It was the same question that Judge Bergen just raised. Okay. The language is attempted to be set back, to set out. Yeah. And because of the way that the habeas rules operate here and that contemplate that a Petitioner should be given a chance to fix pleading deficiencies, the attempt to plead language of Rule 15C does become very important. They dovetail in that an insufficient petition where there was not a full — didn't fully meet the requirements of Rule 2C can still be an attempt to plead these issues. And I think in our — in Ross's case, I think it's relatively easy because he has those claims listed out and they correspond to issues that were decided in the attached State court opinion. So is the analysis in your view different potentially if the attachment, rather than a six-page State supreme court opinion, is a 2,000-page trial transcript? Yeah. For two reasons. One, I'm not sure — our rule focuses on Rule 10C, the written instrument. And a trial transcript, or at least in the entire trial transcript, I don't think can be considered a written instrument. What we're focusing on here is a State court opinion that has certain qualities that make it more of a written instrument. But what's the definition of a written instrument? A written instrument, well, this Court hasn't provided a definition. It has found documents very similar to the attached — to the State court opinion here to be written instruments, or at least fall under that provision of Rule 10C. But even under a broad — even under a narrower definition, that it's a document that establishes a person's legal rights in a proceeding, an attached State court opinion, the one that discusses the exhausted claims, is going to be the one that in a 2254 petition. He cannot get habeas relief unless he establishes that that opinion was unreasonable under 2254d. So — I'm just — you've lost me on the — you're relying on the language of Rule 10 to say that a trial transcript cannot be incorporated for these purposes, but a State Supreme Court opinion can? I'm not — I guess I shouldn't say it like that. I'm saying that maybe an entire trial transcript, maybe, maybe not. I think what's also important about an attached State court opinion is the notice. So for Rule 10C, the goal is notice. So attaching an entire trial transcript is not really going to provide notice of the claims, which is what distinguishes a State court opinion or other documents that are more focused as to what the issues are in that case. Attaching a 2,000-page trial transcript is not going to provide notice to anybody looking at the petition of what the issues are and what are the relevant operative facts. And so if it was a 100-page — it's a capital case. If it's a 100-page opinion, how does that cut in your test? Under our test, it would be the same. The length of the opinion shouldn't matter. It's about whether it talks about the exhausted claims, whether it provides notice of those exhausted claims. So wouldn't the trial transcript also lay out the facts that underlie his claims? But it's not going to lay them out. It's not going to neatly summarize the facts with respect to each claim as a State court opinion. So is it a neat summary test? It's not necessarily a neat summary test, but it is a test as to whether it provides notice. Why can't the district court judge, just when he — when the judge reviews the habeas petition, if it comes in with a 2,000-page trial transcript, say this is unacceptable? You have to file a new petition that synthesizes your facts, the facts that you're relying on. The judge can do that. That's what Rule 4 is all about, isn't it? It is. It is. And so the judge can — the rules contemplate that the judge is going to tell a petitioner to do that. Right. Isn't that what the Rule 2 says in the form? That's exactly what it says. State your legal claim and then summarize the facts that support it. Yeah. But simply because the petitioner fails to comply the first time around doesn't mean that he doesn't get a chance to fix that. And so the question then becomes if that fixed pleading doesn't get filed until after the statute of limitations, what is the test? And with an attached State court opinion, we think the test is easy. And it's easy. It's an easy test, objective test. So the petitioner would have a chance to fix it within the statute of limitations period. You're not disagreeing with that. Well, not necessarily. If for somebody like Ross who files it very close to the — to the — to the date that the statute of limitations ends, there's probably not going to be a fixed petition within that statute of limitations. And the rules contemplate that. The rules were changed back in 2004 to say that a petition, rather than just get accepted, it now has to get filed, because it has to get filed because of the implications of dismissing it or sending it back because of the statute of limitations. So the rules understand that there are going to be statute of limitations implications with poorly pled petitions. So getting back to Judge Piazza's question, if — if there is a poorly pled petition and the court says this is too many exhibits, these — you need to explain in the The rule that focuses on the State court opinion is going to provide notice to everyone in that situation. There could be a rule, and there's another broad rule, that will just allow a court to liberally construe any petition and the exhibits to determine what they were attempting to set out. It's — that's a potential rule. It's — it's also practical. However, it may not have the same type of limits as the ones that focus just on the State court opinions. And so if there is a balance that needs to be set, we would ask that a State court opinion fall on the side of where a petitioner is allowed to relate back. And I — see, I have about eight minutes left. Final reserve? I'll reserve. Thank you. May it please the Court, Jeffrey Conner along with Heidi Perry Stern from the Nevada Attorney General's Office on behalf of the respondents, I'd like to start this afternoon, Your Honors, by — by addressing the second — or the next-to-last line in the mail decision. When you look at that decision, Justice Ginsburg's opinion squarely points out that the rule she set out in addressing relation back in the habeas context is written in a way to make sure that it remains consistent with existing practice on applying relation back, with Rule 2c of the Federal — or the Federal habeas rules, and the AEDPA statutory framework. The idea that the pleading requirement in Federal habeas and the relation back standard are distinct is wrong. That can't be right, meaning you can't be right. They address two very different things. 2c tells you what has to be in the complaint for purposes of pleading. Rule 15, relation back, when it says set out or attempted to be set out in the original pleading, very specifically contemplates something else. Attempted to be means you didn't succeed, which means then that you didn't comply with Rule 2c. And in that instance, Your Honor, the Federal habeas rules control. But that Federal habeas rule doesn't. Avoiding a conflict. Excuse me. The Federal habeas rule addresses pleading, but it doesn't address relation back directly. And Justice Ginsburg, in her decision in setting out a very specific relation back standard that's to be applied in the Federal habeas context, she says this rule is written, is designed to make sure that the Federal habeas rules and the specific pleading requirement and the use of the Foreign Petition under Rule 2c don't create a conflict with the Federal rules of civil procedure. This is important. My colleague addressed this point. The specific pleading requirement in the Foreign Petition play a very important role. Can I ask a question? Did the State move to dismiss the petition under Rule 2? It's inadequately pled. Well, we were not actually served with the original petition. Did the court dismiss it under Rule 2 as inadequately pled? The court did not. What happened here is that he filed his petition. The statute of limitations lapsed in October after I think he filed his petition in August. September. The statute of limitations lapses in October. Then the district court issued its order appointing counsel and ordering the filing of an amended petition and also ordering the original petition served on the attorney general in November. So we were not given an opportunity to even respond to the original petition. Counsel was appointed and the court ordered the filing of an amended petition at that point. But don't the advisory notes say that the court should have told him if the pleading was inadequate? So, I mean, he didn't sort of catch 22. It seems like if the pleading had no content, the court should have told him that and he could have had a month to fix it before the statute of limitations ran. But the court didn't follow what the rules said. And that's a separate concern to me than relation back. But if he had had a chance to fix it, there would be something to relate back to anyway, but there would very clearly be something to relate back to if the court had followed what was supposed to happen at this point. And I think that this goes directly to the importance of the specific pleading requirement and the use of the foreign petition. And what about the fact that Rule 4 specifically directs the judge to look at the petition and any attached exhibits, including specifically State court opinions? Those advisory committee notes. The second is the advisory committee note. The first is in the rule. The advisory committee notes that address that part of the rule acknowledge that the purpose of reviewing those exhibits is to for the court to review the petition itself and decide whether the petition should be summarily dismissed in light of those exhibits. Okay. But it contemplates the district judge reading the exhibits, including the State court opinions. So all these concerns about there being some magic to what's in the petition itself, as opposed to attached to it, seems completely inconsistent with Rule 4. I disagree, Your Honor, because I read Rule 4 to require the court to look at those, not to construe the allegations of the petition, but to compare the allegations of the petition to the actual State court record. Does it? Let me ask you this. If the original pro se petition had spelled out in the petition itself the factual narrative that is contained in the Nevada Supreme Court opinion, would that have been sufficient to allow relation back? I think that's a — that's — Your Honor, that's going to be a fact-specific claim-by-claim analysis. Well, I'm asking you exactly that question. What's your answer? It's going to depend on whether or not there's operative facts that relate to the petition. Well, please don't avoid the question. I'm talking about the facts that are in the Nevada Supreme Court opinion that is attached. Had those been included specifically word for word in his petition, would that have been sufficient for relation back? I don't have an answer for that, Your Honor. Why not? I mean, those are the facts in front of us. You haven't read that opinion. Why don't you have an answer? I've read the opinion. I haven't done a detailed analysis of what exactly the operative facts are of the amended petition. We've gone from, you know, three claims that have eight lines in it, and then you've got, you know, three pages of the Nevada Supreme Court's order, and now there's like a 40-something page petition. I have not done a detailed relation back analysis there of knowing whether exactly if all the operative facts of those claims are going to relate in time and type to the Nevada Supreme Court's decision. I would think that at least some of them definitely do not, because they're not — that those claims aren't even raised in the State Post-Conviction Petition. For instance, there's numerous claims. Well, the specific claims in his petition are Claims 1, 7, and 8, and those correspond very precisely to claims that are discussed in Nevada Supreme Court. And I'm asking you, with respect to the narrative, factual narrative contained in the Nevada Supreme Court as to those claims, 1, 7, and 8 in his petition, are those sufficient for relation back? I think there is probably an operative fact for each of those claims that is going to probably allow relation back there. But there — So then the question is whether it's sufficient to attach the opinion then. So you're conceding then that with respect to his claims, 1, 7, and 8, there's sufficient fact in the Nevada Supreme Court, the opinion that he attached? I'm not conceding that, Your Honor, but I think that's probably likely true. But I'm not willing to concede that today. But the question here, really, though, is whether or not that attachment is considered to be part of the pleading or not. That's the question I'm trying to get you to, to say clear away whether or not there are enough facts alleged in the Nevada Supreme Court with respect to those three claims. And you're not quite willing to let me even get to the question as to whether the attachment is sufficient. I understand your question, Your Honor. What I'm saying is the attachment is not part of the petition. That's — No, of course it's an attachment to the petition. It's an attachment. And so in that — And you're saying that the district court doesn't allow for purposes of relation back to ignore the attachment. Correct, in light of Rule 2c of the Federal habeas rules. I mean, I think that's Justice Ginsburg's exact concern in the mail case is making sure that Rule 2c is not undermined by an overly broad application of relation back principles. And this goes to, I think it was Judge Paius's question about, you know, if the — if he had filed his petition and the district court ordered him to file a new one, right? And let's add on Judge Watford's hypothetical of the 2,000-page trial transcript. If that's an — if that attachment is part of the petition, does he then, after expiration of the statute of limitations, get to file an amended petition that relies on all of the facts in that 2,000-page trial transcript? Well, you know, you're not dealing with a 1,000 or 2,000. We're dealing with six pages. I agree with that, Your Honor, but — Let's decide the case in front of us. Where in the rules is there a limitation that draws a distinction between a six-page court order and a 2,000-page trial transcript? There isn't one. But if you look at what the majority — majority opinion does in this case, its — its analysis is firmly rooted in the requirements of the specific pleading requirement and the purpose of that rule, making sure that pro se habeas Petitioners have a fair opportunity to lay out the claim — the facts supporting their claim without getting caught up in providing legal analysis or anything like that. It's a very straightforward form with very simple-to-understand instructions, and Mr. Ross just didn't follow the instructions in this case. I want to be sure I understand your answer to Judge Fletcher's question correctly because it seems to me his question frames what puts your position really in a tenable position because, if I understood his question correctly, he was saying that if — if all of the facts, the operative facts necessary to have a relation back had hypothetically been included in the state court opinion, would it relate back? My understanding of your answer was yes. So then all we're really talking about is whether it was adequately attached. And — and I — I'm surprised you conceded that. Did I misunderstand what you said? I — well, I — maybe I'm misunderstanding Judge Fletcher's question. If he — if he — what I understood the question to be is if he had taken all the facts from the state court opinion and put them in his petition, would that have been sufficient? No, I understand what he was saying, and he can correct us, of course, that if he took all of the wrong language of the opinion and just typed it out, not attached it, but typed it out, put it in the petition, would that be enough to relate back? I thought you said yes. No, you said kind of probably. You didn't really want to say — As to certain — as to certain claims. Okay. As to 17 and 8. As to claims 17 and 8. Correct. You didn't say — you didn't concede, but you said probably, maybe, I think so, perhaps. Well, I mean, let's — to be — to be — I think to get to the point of your question, Your Honor, about — and what my colleague was talking about, about the — there is a slight distinction, I think, between whether or not they've satisfied Rule 2c as opposed to whether or not there are operative facts in the pleading that they can then rely on for relation back representation. But as soon as you say that, you told me that Rule 2c and Rule 15 have different standards. But — Didn't you just do that? I — well, so the point, though, Your Honor, is that — is that Rule 15c can't be read in a way that undermines Rule 2c. Did — did Mayo — I mean, what Mayo was trying to decide was whether our rule would set the whole conviction was a — was the occurrence. And it said, well, no, because look at Rule 2, and it requires that each claim be set out separately and that it have some facts. But it — to go from there to the notion that it was incorporating every jot and tittle of Rule 2 as the relation back doctrine, which is basically what you're — you're arguing, that if this was dismissible under Rule 2, there can't be any relation back, doesn't appear to me as obvious from Mayo. And that's sort of — aside from the fact of whether or not the attachments were — were good enough. I — I don't think that's right, Your Honor. And here's what I am willing to actually concede on this, is that there — there could — you could plead out a claim that has some operative facts to support the claim, but there's something missing from it. If the missing fact relates to the operative facts that exist in time and type, then adding that new fact will relate back. I mean, I think that's exactly what the analysis that this Court undertook in Schneider v. McDaniel when it lays out, here's what the operative facts of these claims are, here's the operative facts of what this other claim would be, and here are the — within the newly — the new added claim, here are the operative facts that don't relate in time and type to the operative facts of the original claim. So that's — that's how relation back works in the Federal habeas concept. Ginsburg. It also occurred to me, although I don't know if this is pertinent to the outcome here, that mail was written before ICBO, and its conflict, its assertive conflict between habeas rule 2 and Federal rule 8 has probably disappeared after ICBO. I mean, that does present an — an interesting question, Your Honor, because of the fact that ICBO does focus on probabilities rather than possibilities, right? You have to look at the — Possible claim based on the facts, so — Whereas the — the Federal habeas rules say that the petition is expected to identify facts that create a, you know, a real possibility of constitutional error. Unless you think there's an operative difference between plausible and possible, they're the same now. So, I mean — Or whatever we say about Rule 15 would apply in general and not just to this case. That's — that's true. But nevertheless, still, the mail case looks to Rule 2C and the specific pleading requirement and the use of the foreign petition to limit relation back. And it's not — this is not just about the statute of limitations. This is about judicial economy, which is an important point, because — But — but counsel, taking Judge Fletcher's point again, let's take what's actually there. You're only talking about six pages, as you pointed out. What — I'm — this way instead of the other way. What portion of the opinion, the facts of the opinion, do not relate to an issue that needs to relate back here in order for this person to move forward in the case? I mean, there's — there's a number of things with the opinion itself. I mean, first of all, as — as my colleague that argued this at the original argument repeatedly pointed out, is that a number of the claims in the State court order, it — it describes the claim, but then says this is a bald claim that's not supported by any facts. And so that actually doesn't — You're saying if you take that opinion, there are no facts in it that provide the, if you will, the underlying factual background necessary to relate back. Is that your position? That's — I think that's true, Your Honor, particularly with respect to the claims where the Nevada Supreme Court says this is a bald claim that's not supported by any facts. Are any of the claims made by the petitioner — would they be supported if the State court opinion had been included in Hike-Verba in the actual petition that the petitioner made? Well, if — if he had alleged the facts and said, you know, my attorney didn't file a, you know, pretrial motion addressing, you know, the best evidence rule with respect to the videotape — You're saying that's what he didn't do, but I'm saying is there anything in the opinion itself that in fact, if all the facts of the opinion were included in the petition, would be sufficient to give notice of what relates back? I think that's going to be true with respect to some of the claims but not all of the claims. Which ones would and which ones wouldn't? So, I think, as this Court acknowledged in the — in the opinion, in a footnote, that was like claims 1, 3, 7, and 8 that were actually raised in the State — that are actually addressed in the State court opinion. I think — Okay. Let me ask you about — so you have in the petition, he said, counsel was ineffective for failing to object to the State's use of expert witness. So why isn't that sufficient facts? I mean, he could have said the — my counsel didn't object to the State's use of expert witness, and that was an effective counsel, but that's the same thing. So why aren't there facts? I think that's not in dispute at this point, Your Honor, that — What's not in dispute? That the petition doesn't plead any facts. Well, I'm asking you why not. He says, my counsel was ineffective for failing to object to the State's use of expert witness. That's been the finding of the district court. Petitioners conceded that point, that the pleading doesn't include any facts. And that's just a conclusory statement, and as Respondent's pointed out in the 28J  Oh, in other words, so if he had said, the State put on an expert witness. My lawyer didn't object to it. He was therefore ineffective. Would that have sufficed under Rule 2? I don't think so, Your Honor. You don't think so? I don't. What's the particularity of the facts that you think are missing here? I mean, I know he has these conclusory statements here, but if you look at the State court opinion that was attached, if you will, kind of provide some bulk to his conclusory statements, are there any of the statements that he made that were buttressed by the State court opinion, where there were actual facts alleged that then would suffice to meet the rule here? I think the speedy trial claim probably does, because there is a discussion there about, you know, the process of what happened and why the investment court was denying, the actual facts of why the investment court was denying that claim and found that trial counsel had not been ineffective and why there was no prejudice. I think that's a very, that claim itself probably has a sufficient factual basis. That would have been included in Hike-Bear, but that would relate back. I think so, Your Honor. If it's part of the petition, it probably would relate back, but again, I think the majority's analysis here that goes through and finds that the order attached to the petition is not part of the petition for purposes of pleading. So ultimately, even with respect to the one that you now say for sure would have met the requirement, we're back to the attachment and incorporation by reference. That's the bottom line from your perspective. Correct. That's the key to Judge Fletcher's question, whether my answer is yes or no to whether it would relate back or not. So let's just stick with it. Tell me again why you think there's a judicial efficiency question here, given Rule 4, which requires the judge to read the State court order and any attachments. So you say for a different purpose, but so what? He's sitting there reading it. So he's already reading it, because he's been told he has to read it. But not for purposes of digging through it to try to figure out what the Petitioner's claims are. He only has to look at the court's looks at those. He listed his claims. The court looks at that stuff to decide whether or not it should summarily dismiss the petition. Okay. That's what it's supposed to look at that stuff for. That's it. That's what the rule says. Or the rules specifically say that, but the advisory committee knows, too. It's what it says is that, I mean, in other words, you're reading as a the only reason is so he can lose, but not so he can win. But what Rule 4 says is, let's see, if it plainly appears that he's not entitled to relieve, he can dismiss the petition. If it's not dismissed, then he orders the Respondent to file an answer. It's not a rule that's not a one-sided rule. He has to do it, and he has to either dismiss it or not dismiss it. He doesn't dismiss it. He orders the Respondent to file an answer. But first, he's supposed to read the petition in any attached exhibit, so he's already reading them. How does that relate to the advisory notes in the history for advisory for the Rule 2, which says we want to prevent judges from having to go through these prolix attachments, which I guess they were complaining about in the past? How do those two advisory committee, dueling advisory committee notes relate? I think it comes down to what is the purpose of why the trial court is supposed to review those documents. And it is for purposes of determining whether he's not entitled to relieve, not for construing the scope of the allegations of the petition. So let me ask you this. Let's stick with Speedy Trial, his claim number one, which you've conceded at least for purposes of argument. If he'd given the facts that were contained in the Nevada Supreme Court opinion that he attached, if he'd put them in the actual body of his own exhibit petition, that would have been enough. Why then so the question is whether the attachment serves the purpose. I'm now reading from his, quote, request for filing and stay, which he sends in, I assume in the same envelope. They're certainly dated the same day, although they're docketed or filed separately in the court. He writes, Petitioner incorporates by reference and fact the attached affidavit in support of this motion and writ with attached exhibits. Now, the Supreme Court opinion is one of the attached exhibits. So he says I incorporate by reference and fact. Why isn't that enough to say, listen, I'm incorporating that into my petition? Well, one, I don't think it's enough because it's not in the petition. And to me, it demonstrates that he knows exactly what incorporation by reference is.  So what's not in the petition? The incorporation. He incorporates it into something else, which demonstrates to me that he knows exactly what incorporation by reference means. And if he'd intended to do that with respect to his petition, he would have said so. Oh, you mean he's incorporated only into this petition for filing and stay? Is that your answer? Could you repeat the question? I'm reading what he labels as request for filing and stay, which is a document that he filed at the same time with his petition. So you're saying this I incorporate by reference. He's not incorporating it into the petition. And what he's actually incorporating, Your Honor, is an affidavit that explains exactly why he was providing the order, which is that he was trying to show that he hadn't been served with the order itself to explain the timing of his filing. Let me, if I could just clarify this for a moment. I'm still pursuing the same line of questioning. Can I do it for just a moment? Of course. Okay. I'm now reading his petition in which he writes, By accident and inaction of trial counsel and appellate counsel, I've been on due process of law and effective assistance of counsel. And in the next sentence he says that on the date of 22 July, 2014, the Nevada Supreme Court issued an order of affirmance denying the appeal of my State court petition, which was C, attached order. So he's clearly indicating in his petition that he is attaching the order. And you say that's not sufficient. I think that's in the affidavit, Your Honor. That's right, which is attached to his petition. So I don't – that's not in the petition. And so – It's attached to his petition. It's – right. So – But he didn't incorporate the affidavit into his petition. He didn't incorporate the order into his petition. Oh, boy, oh, boy, oh, boy. This sounds like pedophagy, meaning you really are attaching to him a set of rules that seem to me inappropriate for a pro se Petitioner. Well, Your Honor, the second point I would make about your original question about the motion that he filed is that that argument wasn't raised until – for the first time until re-hearing. And they've raised that in their petition for re-hearing for the first time. So I have to weigh in. Well, but this is – it's in the district court record. It's right there. But regardless of that, this is not about applying a set of rules that aren't supposed to be intended for habeas petitioners. Rule 2C and the advisory committee notes on that specifically address the fact that the use of the form petition in various districts and the specific pleading requirement before those were ordered nationwide had improved and made it easier for pro se habeas petitioners to file habeas petitions. Can I follow up, counsel, with Judge Fletcher's question? Because I really want to make sure I understand the limits of the rule that you're proposing here. Let's say that in the petition, the petitioner raises one single claim, and that's a violation of a confrontation clause that – and he attaches with it a two-page state supreme court decision denying his confrontation clause claim, and he didn't say, as in this case, see attached order. Would you still say that that's a failure to attempt to incorporate by reference? I'm trying to come up with the easiest case, one single claim that's directly referenced in the attached state court opinion, and the claim states the bare conclusion – the petition states the bare conclusion, but it's very obvious from the state court opinion that the facts are fleshed out there. Under that circumstance, considering that it's a pro se petition, would you still say that that's a defect in the attempt to incorporate by reference? I think so, Your Honor, and the reason why I think there has to be a specific incorporation in the petition itself is to avoid the problems that Rule 2C is specifically designed to address. But that's not the rule. And Rule 2 – Excuse me. Sorry, Your Honor. And under the Federal rules in general now, if there's a reference in a pleading to a document, the defendant can even bring in that document and it's part of the pleading, right? Correct. A reference to a state court opinion is implicit in any state petition and required by the rule and was – by the form and by Rule 4, and it was, in fact, done here. So you're reading – in addition to reading out some of 15 – Rule 15, you're also reading out a chunk of Rule 10. Correct, Your Honor, because the rules – the habeas rules have to prevail over the Federal rules of state procedure. But you're assuming that when – but you're assuming that when Rule 2 says that you have to specifically lay out the facts in the petition, that doesn't include, as the Federal rules would suggest – would indicate a – the written documents referred to in the petition. Rule 2c has to prevail over the rules of state procedure. But you're reading Rule 2c to read out an attachment rule. And where are you getting that from? When the form itself says attach the state court opinion. Rule 2c. That's – I mean, it specifically says that in the petition, they have to provide the facts that support each claim. But what does in the petition mean? I mean, the complaint under the ordinary Federal rules is understood to include written documents that are alluded to in the complaint. I think to read Rule 10c, that broadly creates a conflict with the purpose of Rule 2c of the Federal habeas rules. And Justice Ginsburg addressed this in footnote 8 of the mail decision. The dissent in that case said, like, look, this is – this rule is going to create a burden on pro se Petitioners. And she dispelled that concern. Kagan. But I'm asking a very specific question. How do we know from Rule 2c that the requirement that you – which is a little different than how we've been discussing it so far – that the requirement that you set out the rules, the facts, and doesn't include, as it would under the  of a written document alluded to in the petition? I think that that approach creates – and the Petitioner's approach in this case, the Rule 10c analysis, creates significant problems, Your Honor, for pro se Petitioners. I see that I'm out of time, but if I could finish answering the question. Finish the answer. Whether you get into this term of art about what a written instrument is, that's going to create a very serious problem for pro se habeas Petitioners who don't know what a written instrument is. Counsel has struggled to define what a written instrument is. And that creates a very real problem, and it creates a very slippery slope where it encourages habeas Petitioners to attach as many documents as they can. Which they're already encouraged to do because they have to attach the exhibits in order to get by the screening and Rule 4. I don't think they're encouraged to attach exhibits. I don't know where that's at in the rules, but they're – Well, usually a well-done petition is rather fat because it has all these attachments as exhibits, so that when the judge screens it under Rule 4, it won't get screened out, right? I get lots of petitions that have no attachments to them and make it to a screening. Yes, but ones that succeed usually do, right? Sometimes they do, sometimes they don't, Your Honor, and I – Thank you, Counsel. Thank you, Your Honor. Rebuttal. I just have two points. The first one is that the policy goals of pleading requirements are to help, not hinder, a pro se litigant. And the hyper-technical requirement that respondents proposed today go against the policy goals of the pleading requirements. Secondly, the situation here is different from mail. There's – the statute of limitations implications here are different. Ross filed a timely petition that listed claims, distinct claims that were timely filed. The attachment also was timely filed. Ross is simply seeking to relate that to a timely filed petition with a timely filed attachment that has just the exhausted claims. Help me again with the question I posed to you on the first go-around. I'm looking now at the language of 10C. And so on the scenario you just painted, the attachment is not a nice, short, concise State Supreme Court opinion. It's some much longer document. But it does, in fact, contain the underlying facts that would be necessary to support the claim. I guess I'm just trying to figure out what is the rule you're asking us to adopt that keeps in or allows what happened here with respect to a State Supreme Court opinion that's only six pages long but somehow excludes longer, more – No, it doesn't – it's not the length of a document. It's the type of document. So it's – Okay. Where do you get that from the language of 10C? That's what I'm asking. It just says a written instrument. It's just a written instrument. So – So why is a State Supreme Court decision a written instrument but a trial transcript, some other – a brief, a brief that was filed, let's say, in a lower court? Why is that not a written instrument? They both could be. But I think it's certainly clear that a State court opinion is. It's a formal, legally binding court order that addresses the Petitioner's legal rights. And particularly in habeas, I mean, maybe a State court opinion in general wouldn't be a written instrument. But for habeas, it most certainly is, because under the – under the statute, the State court opinion is – a habeas Petitioner's rights rises and falls with that opinion. He cannot get – But 10C is just a general civil rule. We're not going to be able to come up with a construction of 10C that only applies in the habeas context, right? Well, that's correct. What I'm saying, though, is that whatever definition – whatever the definition of written instrument is, the State court opinion in a habeas case complies. It would be the same if – it's equivalent to a contract in a regular civil case. It defines what the Petitioner's rights are in his habeas petition. He cannot get habeas relief unless he makes it through that opinion. That opinion is central. So a written brief doesn't count under that? It could, because it – No, it doesn't. It doesn't define any rights. How could it count under the definition you just offered? Certainly. But in – when a claim is exhausted for other reasons just than when the State court addresses it, if a claim is in a brief that's presented but the State court doesn't address it, then it is exhausted, and he would have a right to – the fact that he raised it in the State court does give him the right to pursue it in Federal court. But what's neat and tidy about the State court opinion is that on its face it does explain what the Petitioner's legal rights are. Okay. Let's say that for whatever reason we weren't persuaded by your construction of 10C, and let's just say Rule 10 is just out. Okay. Is there a path that you still prevail? Well, certainly under the dissenting judge's pro-State liberal construction approach. I mean, what works very neatly here as well is that when there is that combination of claims listed in the petition, meaning an attempt to present claims, plus an attached State court opinion that neatly summarizes those claims. So in a situation where there is an attachment that clearly provides notice of the claims that were attempted to be set out in the petition, then relation back should be available. Well, why isn't it sufficient for today, for this case, as to what is – what the reach of this opinion is, whatever else – whatever other attachment might be, that the form that Rule 2 says to follow says to attach the State court opinion? It does. And I don't think he should be harmed for that reason. Well, therefore, it's part of the petition because the form says it's part – the rule essentially says it's part of the petition. And why can we just stop there for purposes of this case? Do you need any more than that? No. I don't think you do. It's consistent with what we're saying, with what our rule is. And if it stops it just because the form tells him to do it and it's because of the way the form can be read, it can be considered a part of the petition, then, yes, I think that is sufficient to address it. Counsel, what about the requirement in Rule 15 that counsel – I mean, that the petition is supposed to make, in quotes, clear and repeated references to incorporation? Well, that's not actually in the rule itself. That was just in Dye. So the rule itself just says an adoption by reference. So in Dye, I don't – I think it's an overbroad reading of Dye to say that the rule actually requires that. I think all Dye was saying is that because that was made, it was enough to meet the rule, but it wasn't the only way to meet that rule. The rule – to read that rule that way is basically to rewrite the rule. It just asks for an adoption by reference. So from your perspective, there's no requirement in our law that there be clear and repeated references? That's correct. And in some circumstances, clear and repeated references would seem kind of excessive. I mean, if it's just a single claim, why would there need to be clear and repeated references? You have occasional redundancy in the law. So in your view, there doesn't need to be any reference at all, correct? So here, there was a list of claims. There was no reference as to how the claims – if I reference anything in the state opinion. And in fact, there doesn't need to be any reference because a state opinion will be attached. Is that correct? That's your position? In the broadest sense of our rule, yes. But in the facts here, I think that there was enough to – maybe not – there wasn't a specific incorporation like the one that the State is suggesting here, but there was enough of a correspondence between what was listed in the petition, what was in the state court opinion, for a Federal court to liberally construe that what he was attempting to set out were those claims with the operative facts from the state court opinion. But there was no one-to-one correspondence, but in your view, the district court should find those parts of the opinions that it thinks relates to the claims he made. That's what the court should do. Is that correct? Well, in the – the facts here do provide a good template because there were at least four. I think that it could be as many as five claims listed in the petition that did correspond  And so, yes, we think that – a value – a judgment on the part of the district court as to how many claims it wanted to think had facts associated with them. Well, I think it's just an application of Rule 15c in that circumstance to determine whether it's an attempt to set out. Uh-huh. Thank you, Counsel. Okay. Thank you. The case has now been submitted for decision and will be in recess for the afternoon.
judges: Thomas, W. Fletcher, Gould, Paez, Berzon, Callahan, M. Smith, Jr., Ikuta, Nguyen, Watford, Friedland